14413

E. C. TOWNSEND CO., AGENT, v. CAMPBELL

(189 S. E., 474)

*Mr. R. Y. Kibler,* for appellant,

*Messrs. R. K. Wise* and *Thomas B. Whaley,* for respondent,

January 12, 1937.

The opinion of the Court was delivered by MR. JUSTICE CARTER.

This action, by E. C. Townsend Company, agent, as plaintiff, against the defendant, J. C. Campbell, was commenced in the Magistrate's Court for Richland County, State of South Carolina, March 3, 1936, by causing to be issued by Magistrate W. A. Gunter, in said county and at the said time, "Notice to Quit requiring him the said J. C. Campbell, tenant, to show cause before the said magistrate why he should not be ejected from his building, described as 'Number 2115 Santee Avenue,' in the City of Columbia, county and State aforesaid. It appears from the record in the case that the case was heard before the said magistrate March 18, 1936, who, after due consideration of the testimony of the parties duly taken before him, issued an order requiring the said J. C. Campbell to be ejected from the premises in question. Thereupon, the defendant duly served notice of intention to appeal from the said order issued by the said magistrate, as aforesaid, and filed bond in connection with the said proceedings, required by the magistrate, in the sum of $600.00, which bond was duly approved, the appeal being made to the County Court of said county. Shortly thereafter, the return was filed with the said County Court, and

the County Judge, his Honor, Honorable A. W. Holman, in the absence of appellant's attorney, dismissed the appeal, and "upon motion to reopen the appeal the County Judge heard the matter without further testimony and again dismissed the appeal, refusing to grant a new trial of the cause." From the said order of the County Judge, the appellant has appealed to this Court, and asks a reversal of the judgment of the lower Court.

The appellant's exceptions are stated thus:

"That His Honor, the County Judge, erred in affirming the Magistrate in this cause and not granting a new trial:

"1. In that the evidence was conclusive that the tenant was a yearly tenant, having occupied the premises more than two or three years, and before ejection, tenant was entitled to Notice looking to the end of the calendar year.

"2. That the evidence was conclusive, even on the part of the plaintiff, that the landlord's agent accepted the rent from the tenant throughout the time he occupied the premises at any time the tenant offered to pay, and although the rent was payable by the month, the tenant ran a month or more late which had there before been accepted, and that the rent was paid February 28th for January and accepted and four days thereafter landlord's agent issued Notice to Quit against tenant and obtained ejectment warrant from Magistrate, and said ejectment proceedings was premature and unwarranted at that time, March 3, 1936, plaintiff agent had by long past practice of collecting and accepting the said rents from the tenant late waived his right to summary proceedings at that time, and the magistrate erred in law and fact in deciding in favor of the landlord and tenant having posted bond approved by the County Judge in the sum of $600.00, on appeal, the landlord had no risk intenant being granted a new trial in order that justice may be done.

"3. That there was no evidence that plaintiff agent made any demand for possession from the time the last rent was accepted February 28th to March 3rd, when Notice to Quit

was served, nor that any demand had ever been made except for rents to be paid."

In connection with the appellant's exceptions, we think it proper to quote the order of his Honor, Judge Holman, reading as follows:

"This matter came on to be heard before me upon motion of R. Y. Kibler, attorney for appellant, who appealed from the Order and Rulings of Magistrate Wm. A. Gunter in the above entitled case. It appeared that on July 3, 1936, this Court signed an Order affirming the judgment as found by Magistrate Wm. A. Gunter, and upon Motion of R. Y. Kibler, attorney for appellant, this order was re-opened due to misunderstanding of attorneys representing the appellant and respondent. In the motion for new trial the attorney for appellant called to the attention of the Court that he desired to offer further evidence in the matter and the Court ruled that it would give the appellant opportunity to present any evidence which it might offer in the matter and the Court set August 26, 1936, for the purpose of taking further tes-timony in this case. At the appointed time, when further testimony was to be offered in the case, Mr. R. Y. Kibler, attorney for appellant, did not offer any further evidence and the findings of this Court is based on the written return as filed by Magistrate Wm. A. Gunter, after hearing argument of counsel of both appellant and respondent.

"It is ordered: That the judgment as rendered by Magistrate Wm. A. Gunter be, and the same is hereby affirmed."

In considering the appellant's exceptions, we have read the entire record, paying special attention to the defendant's testimony, and are forced to the conclusion that there was ample testimony to support the finding and ruling of the magistrate and the County Judge.

The exceptions are therefore overruled, and the judgment of the lower Court affirmed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BONHAM, BAKER and FISHBURNE concur.